**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000525**
**21-JUN-2013**
**08:29 AM**

NO. CAAP-11-0000525

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


FIRST HAWAIIAN BANK, Plaintiff-Appellee,
v.
ROGER P. CHADWICK, Defendant-Appellant,

and

JOHN DOES 1-10; JANE DOES 1-10;
DOE PARTNERSHIPS 1-10; DOE CORPORATIONS
1-10; DOE ENTITIES 1-10; DOE GOVERNMENTAL
UNITS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 11-1-0164(2))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

In this foreclosure case, Defendant-Appellant Roger P. Chadwick ("Chadwick") appeals[1] from the June 30, 2011 Judgment re: Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment as to All Claims and All

---

[1]     The initial document filed in this appeal is entitled "Notice of Defendant Roger P. Chadwick's Petition for Judicial Review (In the Nature of an Appeal)." A "Request For Stay of the Proceedings Pending Review" is attached to the initial document. Chadwick presents no basis for any distinction between his appeal and a normal appeal; therefore, we treat this initial document as a notice of appeal.

We also note that Chadwick's opening brief cites to Hawaii Revised Statutes ("HRS") § 91-14(f) and (g) as a basis for judicial review. HRS § 91-14, however, does not apply in this case because it provides for judicial review of "a final decision and order in a contested case" in the context of *administrative* proceedings, not *judicial* proceedings. HAW. REV. STAT. § 91-14(a) (2012); *see also* HAW. REV. STAT. § 91-1(1), (5) (2012).

Parties, Interlocutory Decree of Foreclosure and Order of Sale and Notice of Entry of Judgment, entered by the Circuit Court of the Second Circuit ("Circuit Court").[2] Plaintiff-Appellee First Hawaiian Bank filed its motion for summary judgment as to all claims and all parties, interlocutory decree of foreclosure and order of sale on May 10, 2011.

As best as we can understand,[3] Chadwick argues that (1) genuine issues of material fact existed as to whether the Circuit Court had subject matter jurisdiction "to adjudicate [Chadwick] as a private contract law violator contrary to" the Statute of Frauds, Hawaiʻi Rules of Civil Procedure ("HRCP") Rule 17, and 12 U.S.C. § 1813[4]; (2) the Circuit Court failed to adjudge Chadwick's "timely initiated government's affirmative defense" raised pursuant to HRCP Rule 17; (3) the Statute of Frauds and HRCP Rule 17 "do not permit the lower court to proceed with any inappropriate action without first witnessing the ratification"; (4) the Circuit Court's "points of error in departing from its duties caused unconstitutional acts"; and (5) "agents of the lower court have effected a fraudulent conversion of [Chadwick's] Property . . . [and] subsequent inappropriate processing . . . [is] a joinder barred by" the Statute of Frauds, HRCP Rule 17, and the U.S. and Hawaiʻi constitutions.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that this appeal is without merit.

Therefore,

IT IS HEREBY ORDERED that the June 30, 2011 Judgment re: Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment as to All Claims and All Parties, Interlocutory Decree of Foreclosure and Order of Sale

---

[2]  The Honorable Shackley F. Raffeto presided.

[3]  The opening brief is largely incomprehensible.

[4]  12 U.S.C. § 1813 is simply a list of definitions applicable to a portion of the United States Code dealing with the Federal Deposit Insurance Corporation.  The statute is not relevant in this case.

and the Notice of Entry of Judgment are affirmed.

DATED:  Honolulu, Hawai'i, June 21, 2013.

On the briefs:

Roger P. Chadwick,
Pro Se Defendant-Appellant.

Jonathan W.Y. Lai
(Watanabe Ing LLP)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge